STATE of Minnesota, Appellant,

v.

Harlan Edwin SCHROEDER, Jr., Respondent.

No. 51966.

Supreme Court of Minnesota.

Jan. 5, 1981.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, Jerome A. Schreiber, County Atty., Lake City, for appellant.

James C. Nordstrom, Wabasha, for respondent.

SHERAN, Chief Justice.

This is an appeal brought by the prosecution pursuant to Minn.R.Crim.P. 29.03, from an order of the district court dismissing a reissued complaint charging defendant with making terroristic threats, Minn.Stat. § 609.713, subd. 1 (1978). We dismissed an earlier pretrial appeal 292 N.W.2d 758, by the state from an order of the district court suppressing evidence and dismissing the first complaint; our dismissal order was based on the state's failure to file a timely brief within the time limit established by Minn.R.Crim.P. 29.03, subd. 2(5). In our opinion we stated that while we did not reach the issues raised by the appeal, we noted that the state was free to reissue a complaint if it had other evidence establishing that it had probable cause to prosecute.

Thereafter the state reissued the complaint on the basis of other evidence, including lay opinion testimony and scientific voice–print testimony. The state also sought an order requiring the defendant to provide another voice sample for further voice–print analysis but the trial court denied this order. The trial court then dismissed the complaint for lack of probable cause to require defendant to stand trial, saying, "The determination of whether probable cause exists is decided as of the date of the arrest and cannot be bolstered by subsequent evidence or testimony."

We believe that the district court erred in denying the request for another voice sample and in dismissing the reissued complaint for want of probable cause. However, Minn.R.Crim.P. 29.03, subd. 1, pursuant to which the appeal was taken, does not give the state a right to appeal from a dismissal on this ground.[1] The state's remedy is not an appeal but a reissuance of the complaint.

Appeal dismissed. Defendant is awarded attorney fees in the amount of $400 pursuant to Minn.R.Crim.P. 29.03, subd. 2(8).

---

1. The state does have a right to appeal from an order suppressing evidence for trial or from a dismissal order necessitated by the suppression of evidence for trial. The state, attempting to get around the dismissal of its first appeal, again raises the issue which we refused to consider at that time. We do not believe these issues are properly before us.