**STATE of Minnesota, Appellant,**

v.

**Juan Ramon Reta LORES, Respondent (C5–93–2018),**

**Florencia Aguilar Dominguez, Respondent (C7–93–2019).**

Nos. C5–93–2018, C7–93–2019.

Court of Appeals of Minnesota.

March 8, 1994.

Review Denied April 28, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Kenneth J. Kohler, Nobles County Atty., Michael V. Tow, Asst. County Atty., Worthington, for appellant State.

John M. Stuart, State Public Defender, Leslie J. Rosenberg, Asst. Public Defender, Minneapolis, for respondent Lores.

Louis B. Kuchera, Public Defender's Office, Worthington, for respondent Dominguez.

Considered and decided by PARKER, P.J., and HUSPENI and FOLEY *, JJ.

## OPINION

PARKER, Judge.

The facts of these cases are largely undisputed. Florencia Aguilar Dominguez and Juan Ramon Reta Lores were both charged, in separate incidents, with forgery.

### Florencia Aguilar Dominguez

In April 1993, a police officer in Worthington stopped Dominguez for a traffic violation and asked her for a driver's license. Dominguez did not have a driver's license, so the officer asked for other identification. Dominguez testified that she then pulled out a California identification card and, at the same time, a resident alien card fell out of her wallet. When the officer asked for other identification, Dominguez picked up the resident alien card and gave it to him. Because the officer suspected the resident alien card was fake, the card was photocopied and returned.

Upon determining that the resident alien card was fake, police executed a search warrant on Dominguez's home. The search revealed two social security cards, both with different numbers but with her name on them. The cards were later revealed to be counterfeit. During questioning after her arrest, she admitted the cards were counterfeit.

Dominguez was charged with three counts of forgery pursuant to Minn.Stat. § 609.63, subd. 1(1) (1992), for possession and presentation of the forged resident alien card, and two counts of aggravated forgery pursuant to Minn.Stat. § 609.625, subd. 3, for possession with intent to utter the false social security cards.

### Juan Ramon Reta Lores

In September 1993, Lores was detained at a store in Worthington on suspicion of shoplifting. The officer questioning him asked for identification. Lores, who does not speak English, pointed to his wallet. The officer looked inside the wallet and found a social security card. Investigation revealed the card to be counterfeit. Lores, speaking through an interpreter, admitted the card was fake. He was charged with aggravated forgery pursuant to Minn.Stat. § 609.625, subd. 3.

### Judges' Orders

In October 1993, two judges of the district court dismissed all forgery charges against Dominguez and Lores for lack of probable cause. Specifically, the judges concluded that the state had failed to produce any evidence that the defendants used the forged cards with intent to defraud, an essential element of the crime of forgery.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUES

I. Were the dismissals for probable cause based on appealable questions of law?

II. Did presentation of the counterfeit resident alien card constitute use of a false writing for identification if the card displays her real name?

III. Did Dominguez and Lores possess the counterfeit social security cards with intent to utter them?

## DISCUSSION

### I

■ Respondents argue this court does not have jurisdiction to hear this appeal because Minnesota law prohibits the state from appealing dismissals based on lack of probable cause. Minn.R.Crim.P. 28.04, subd. 1(1); *State v. Schroeder*, 300 N.W.2d 790, 791 (Minn.1981). If a probable cause determination is based solely on a legal question, however, then appeal by the state is proper. *State v. Kiminski*, 474 N.W.2d 385, 388–89 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 11, 1991). We conclude the district judges' probable cause determinations were based on questions of law, and therefore this appeal is proper.

### II

■ Based on her use of the resident alien card for identification, Dominguez was charged with violation of Minn.Stat. § 609.63, subd. 1(1) (1992), which prohibits the use of a false writing for purposes of identification:

Whoever, with intent to injure or defraud, does any of the following is guilty of forgery * * *

(1) Uses a false writing, knowing it to be false, for the purpose of identification or recommendation.

The district court concluded that Dominguez lacked any intent to defraud because the resident alien card contains her real name.

The statute provides that use of a false writing for purposes of identification is a crime. The statute does not define "false writing." We conclude that a forged document is a false writing, regardless of whether the document displays the defendant's real name. Here, the determinative fact is that the resident alien card itself is a false writing. That it may carry her real name is irrelevant to the falsity of the writing. Dominguez presented the resident alien card to the officer when asked for identification, and she did so knowing the card to be a forgery. Such evidence is sufficient to establish probable cause of her violation of the false identification statute. We reverse the district court on the dismissal of this count.

### III

■ Both Dominguez and Lores were charged with aggravated forgery for their possession of counterfeit social security cards. The district judges dismissed these charges because of lack of evidence that the defendants possessed the cards with intent to defraud. We agree and affirm.

The defendants were charged with violation of Minn.Stat. § 609.625, subd. 3 (1992), which prohibits the possession or "uttering" of a forged instrument:

Whoever, with intent to defraud, utters or possesses with intent to utter any forged writing or object mentioned in subdivision 1 * * * knowing it to have been so forged, may be sentenced as provided in subdivision 1.

It is undisputed that the defendants possessed these cards and that they knew the cards were counterfeit. The state, however, has produced no evidence that the defendants "uttered" these cards or that they possessed these cards with intent to utter.

■ To utter is to put into circulation, or to offer a counterfeit document as genuine. Black's Law Dictionary 1387 (5th ed. 1979). Mere preparation without overt acts is not sufficient to justify conviction. *See State v. Clark*, 270 Minn. 538, 553, 134 N.W.2d 857, 867 (1965) (holding that mere preparation for forgery without overt acts is insufficient). In *Clark*, for example, the supreme court held that a defendant's act of trying to obtain approval of a check was sufficiently overt to constitute "uttering" a forged check. *Id.* at 867–68.

Here, on the other hand, there is no evidence of any overt act beyond possession. There is no evidence that either Dominguez or Lores tried to put the social security cards into circulation or offered them as genuine. Dominguez's social security cards were found in her home during a search, and Lores's card was found in his wallet. The statute, however, requires only intent to utter. The record contains no evidence of the defendants' intent to utter, Possession alone does not constitute intent to utter, because the statute requires possession with intent to utter. Dismissal for lack of probable cause was appropriate and, accordingly, we affirm.

## DECISION

There is sufficient evidence to establish probable cause that Dominguez used her counterfeit resident alien card for identification in violation of Minn.Stat. § 609.63, subd. 1(1), and we reverse the district court's dismissal of this count against respondent Dominguez. There is insufficient evidence to establish probable cause that Dominguez and Lores possessed counterfeit social security cards with intent to utter in violation of Minn.Stat. § 609.625, subd. 3 (1992), and we affirm these dismissals.

**Affirmed in part, reversed in part, and Dominguez's case remanded for further proceedings.**